**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4435**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VONYEDA CARSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00258-MOC-DSC-2)

Submitted:  April 20, 2023                          Decided:  April 24, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vonyeda Carson pleaded guilty, pursuant to a written plea agreement, to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and was sentenced to one year and one day in prison.  On appeal, Carson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Carson's sentence.  The Government declined to file a responsive brief and does not seek to enforce the appeal waiver in Carson's plea agreement.[*]  Although notified of her right to file a pro se supplemental brief, Carson has not done so.  We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021).  "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the [Sentencing] Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.* (internal quotation marks omitted).  "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances."  *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable.

---

[*] Because the Government has not moved to enforce the appeal waiver, we conduct a full review pursuant to *Anders*.  *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

During the sentencing hearing, the district court accurately calculated Carson's advisory Guidelines range, accorded Carson an opportunity to argue for a downward variance, considered Carson's arguments and the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, Carson's sentence is procedurally reasonable. We further conclude that Carson has failed to rebut the presumption that her below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Carson, in writing, of the right to petition the Supreme Court of the United States for further review. If Carson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*